IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PRISCILLA MARIE CERDA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION NO. 7:20-cv-00147 |
| ) | |
| CITY OF PALMVIEW, PALMVIEW ) | **(JURY REQUESTED)** |
| CHIEF OF POLICE GILBERT ZAMORA, ) | |
| PALMVIEW MAYOR RICARDO ) | |
| VILLARREAL, PALMVIEW POLICE ) | |
| OFFICER JOHN DOE, CITY OF ) | |
| PEÑITAS, PEÑITAS CHIEF OF POLICE ) | |
| ROEL BERMEA, PEÑITAS MAYOR ) | |
| RODRIGO LOPEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, PRISCILLA MARIE CERDA, in the above styled cause and files this First Amended Complaint and Jury Demand and incorporates each and every allegation contained herein, against Defendants, CITY OF PALMVIEW, PALMVIEW CHIEF OF POLICE GILBERT ZAMORA, PALMVIEW MAYOR RICARDO VILLARREAL, PALMVIEW POLICE OFFICER JOHN DOE, CITY OF PEÑITAS, PEÑITAS CHIEF OF POLICE ROEL BERMEA, and PEÑITAS MAYOR RODRIGO LOPEZ, and for this cause of action respectfully states to the Court the following:

**I.**

**PARTIES**

1. Plaintiff, PRISCILLA MARIE CERDA, is an individual who resides in the State

of Texas at 108 W. 1st Street, La Joya, Texas 78560.

2. Defendant, CITY OF PALMVIEW, is a governmental unit of the State of Texas and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) it may be served through the mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

3. Defendant, PALMVIEW CHIEF OF POLICE GILBERT ZAMORA, is the municipal departmental head of the Palmview Police Department and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

4. PALMVIEW MAYOR RICARDO VILLARREAL, is the official municipal leader of Palmview City Council and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served directly: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

5. PALMVIEW POLICE OFFICER JOHN DOE, is the police officer who was on duty and assigned to Plaintiff's jail cell and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Ricardo Villarreal, 400 W. Veterans Blvd., Palmview, TX 78572.

6. Defendant, CITY OF PEÑITAS, is a governmental unit of the State of Texas and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) it may be served through the mayor: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

7. PEÑITAS CHIEF OF POLICE ROEL BERMEA, is the municipal departmental head of the Peñitas Police Department and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served through the mayor: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

8. PEÑITAS MAYOR RODRIGO LOPEZ, is the official municipal leader of Peñitas City Council and pursuant to Tex. Civ. Prac. & Rem. Code § Sec. 17.024 (b) he may be served

directly: Mayor Rodrigo Lopez, P.O. Box 204, Peñitas, TX 78576.

## II.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives (a) district courts original jurisdiction over any civil action authorized by law to be brought by any person (3) to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (4) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights. Various actions and/or inactions by defendants amount to action under the color of law and therefore jurisdiction and claim is asserted under this statute.

11. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourteenth Amendment to the United States Constitution.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all Parties reside or resided in this district and the events giving rise to the claims occurred in this district.

## III.

## FACTS

13. On or about July 23, 2018, Plaintiff PRISCILLA MARIE CERDA was raped while under the supervision and custody of PALMVIEW POLICE DEPARTMENT *and* PEÑITAS

3

POLICE DEPARTMENT.

14. Plaintiff, PRISCILLA MARIE CERDA, had been arrested by PEÑITAS POLICE DEPARTMENT and detained at PALMVIEW POLICE DEPARTMENT jail on or by the date and time of the heinous incident made the basis of this action.

15. Plaintiff was placed alone in a jail cell overnight.

16. Defendants CITY OF PALMVIEW and CITY OF PEÑITAS were responsible for supervising Plaintiff while she was in custody, but collectively neglected to protect her from harm.

17. As a result of both Defendant CITY OF PALMVIEW's failure to supervise and protect Plaintiff and Defendant CITY OF PEÑITAS' failure to supervise and protect Plaintiff while Plaintiff was in custody, Plaintiff was raped by PALMVIEW POLICE OFFICER JOHN DOE and subsequently suffered serious bodily injuries and mental anguish.

18. Plaintiff was medically cleared on the night before the incident.

19. Plaintiff received a Texas Tropical Screener's Section 28 mental health evaluation and was cleared on the night before the incident.

20. After the incident, Plaintiff woke up naked and immediately sought help from Defendants.

21. Plaintiff first reported the rape to PALMVIEW POLICE DEPARTMENT Officer David Gutierrez.

22. Defendants responded by threatening Plaintiff with prison time for making a false accusation if she was lying about anything, thus jeopardizing the integrity of the investigation and further attacking Plaintiff's mental integrity.

23. PALMVIEW POLICE DEPARTMENT Officer David Gutierrez initiated communications with PEÑITAS POLICE DEPARTMENT because Plaintiff was PEÑITAS

POLICE DEPARTMENT's pretrial detainee.

24. PEÑITAS POLICE DEPARTMENT Officer J. Jimenez arrived at PALMVIEW POLICE DEPARTMENT jail where Plaintiff, his department's pretrial detainee, was held.

25. Eventually Plaintiff was taken to Doctors Hospital at Renaissance in McAllen, Texas where Sexual Assault Nurse Examiner ("SANE") Rosa Aguirre conducted a sexual assault forensic exam ("rape kit").

26. The rape kit confirmed Plaintiff was sexually assaulted at PALMVIEW POLICE DEPARTMENT as a pretrial detainee of the PEÑITAS POLICE DEPARTMENT.

## IV.

## CAUSES OF ACTION

### COUNT 1:

### DEPRIVATION OF A PRETRIAL DETAINEE'S CONSTITUTIONAL RIGHTS

### 42 U.S.C. § 1983 – 14th Amendment

27. Plaintiff hereby incorporates the foregoing by reference.

28. Defendants, acting in concert with one another, under color of state law, deprived Plaintiff of her rights, privileges, and immunities secured by the U.S. Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983 and in violation of Fourteenth Amendment protections against deprivation of certain substantive due process guarantees. The constitutional rights of a pretrial detainee flow from the procedural and substantive due process guarantees of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *Bell* instructs that the State cannot punish pretrial detainees. *Id.* at 535, 99 S.Ct. at 1872. In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate the protection against deprivation of liberty under due process of law, the proper inquiry is whether

5

those conditions amount to punishment of the detainee. *Id.* Because the State does punish convicted prisoners, but cannot punish pretrial detainees, the due process rights of pretrial detainees are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983).

29. Plaintiff brings a claim against each defendant pursuant to 42 U.S.C. § 1983 and for punitive damages.

30. At all material times, defendants were acting under color of state law as departments of the cities of Palmview and Peñitas, Texas. Defendants' employees were working at the jail and acting in the course and scope of their duties as police department employees at the time of their wrongful actions or omissions.

31. In clear disregard of established public policy to preserve bodily integrity, mental integrity, and life/limb, Defendants violated substantive due process rights afforded to Plaintiff by the Fourteenth Amendment, including the Eighth Amendment right to be free from cruel and unusual punishment flowing therefrom.

32. Defendant CITY OF PEÑITAS' practice of allowing jailing entities to hold its pretrial detainees in a manner that attempts to shift but more accurately breaches CITY OF PEÑITAS' duty to supervise and protect its pretrial detainees from conditions that can likely amount to punishment has very likely resulted in Plaintiff's unconstitutional treatment.

33. Defendants neglected to supervise and protect Plaintiff while detained under their custody despite numerous reported incidents of sexual assault against inmates in Hidalgo County detention centers, including that of a Peñitas Police Department detainee raped on video while detained at La Joya Jail. *See Renee v. Peralez*, No. 7:16-CV-281, 2017 U.S. Dist. LEXIS 122885

6

(S.D. Tex. 2017). Defendants' failure to supervise and protect Plaintiff constitutes sheer disregard of the reasonable foreseeability of sexual assault occurring in Hidalgo County detention centers, establishing the specific action of neglecting to supervise and protect pretrial detainees, which, among the Defendants, likely coalesced to form the moving force allowing employee OFFICER JOHN DOE to rape Plaintiff in clear violation of both the U.S. Constitution and well-established public policy.

34.  Defendants in their individual capacities collectively breached their duty to afford Plaintiff, a pretrial detainee, with at *least* the protections afforded to convicted prisoners, resulting in violation of Plaintiff's bodily and mental integrity in a manner easily inferable as contrary to good faith and conscience and likely amounting to unconstitutional punishment.

35.  Defendants' conduct violated Plaintiff's clearly established constitutional right to be free from punishment as a pretrial detainee.

36.  In addition, in response to Plaintiff filing a police report, Defendants' employee retaliated by stating that if Plaintiff was lying about anything she would go to prison for making a false accusation.

37.  Defendants' actions were not within the scope of their authority, they were not performing discretionary duties and/or they did not act in good faith and therefore are not entitled to immunity.

38.  Defendants are additionally liable under 42 U.S.C. § 1983 for failing to supervise and train employees, and for overlooking misconduct, including misconduct as egregious as rape.

39.  Defendants failed to conduct an internal investigation, thereby sanctioning the predatory employee's actions, which likely amounts to a departmental policy of overlooking constitutional violations.

40. Defendants' failure to supervise and train its employees, and Defendants' willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to rights that public policy dictates the justice system must protect.

41. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality.

42. In *Doe v. United States,* 831 F.3d 309 (5th Cir. 2016), a Texas county did not act with deliberate indifference in monitoring a detention facility at which it housed federal aliens detained by Immigration and Customs Enforcement, as would allow the county to be held liable under 42 U.S.C § 1983 to detainees who were sexually assaulted during a transport by the facility's officer. Although a sheriff's deputy assigned to monitor the detention center failed to immediately detect that the facility was violating a policy requiring that an officer of the same sex as a detainee be present during a transport, he took reasonable measures to abate any known or obvious consequences to detainees as soon as he became aware of the violations. Here, unlike in *Doe*, no such reasonable measures taken by the Defendants to prevent sexual contact and sexual assaults perpetrated by jail personnel are evident, while their failure to supervise and protect is, thus likely weighing in favor of municipal liability. The evidence of such incidents in the recent past in Hidalgo County stemming from CITY OF PEÑITAS' practice of housing detainees at detention centers such as La Joya Jail further enhances this likelihood.

43. Even if Defendants' practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. Of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,

404 (1997).

44. By Defendant employee sexually assaulting Plaintiff and Defendants' failure to thoroughly investigate her rape, Defendants acted with malice and/or gross negligence, thereby entitling Plaintiff to punitive damages.

45. As a result of this conduct, Plaintiff suffered damages hereby demanded.

## COUNT 2:

## 42 U.S.C. § 1983 – *Ratliff v. City of Hous.*, No. H-02-3809, 2005 U.S. Dist. LEXIS 39410 (S.D. Tex. 2005); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978)

46. Plaintiff asserts that local government liability under 42 U.S.C. § 1983 is established via *Monell*. See *Ratliff v. City of Hous.*, No. H-02-3809, 2005 U.S. Dist. LEXIS 39410 (S.D. Tex. 2005) citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

47. The local government is liable because it does not have a grievance procedure, which is an illegal custom or practice within the government.

48. Plaintiff further asserts liability of the local government because of a custom, practice, or policy of inadequate training or supervision, or of hiring of its employees. In the instant case, sufficient factual content exists, including but not limited to previous direct involvement of CITY OF PEÑITAS in a similar instance of harm (reasonably inferable as proximately caused by Defendant's delivery of a pretrial detainee to a detention center and subsequent failure to supervise or protect her from constitutional violations thereon), to support the plausibility of Plaintiff's allegations and entitlement to relief. *See Renee v. Peralez*, No. 7:16-CV-281, 2017 U.S. Dist. LEXIS 122885 (S.D. Tex. 2017).

## V.

## <u>DAMAGES FOR PLAINTIFF</u>

49. As a result of the conduct and incidents described herein, Plaintiff has incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

50. Plaintiff has experienced physical pain and suffering and bodily injury.

51. Plaintiff has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

52. Plaintiff pleads physical impairment damages.

53. Plaintiff seeks exemplary damages based on Defendants gross negligence.

54. As a result of the above, Plaintiff seeks damages within the jurisdictional limits of the Court.

55. Plaintiff seeks damages greater than FIVE HUNDRED AND 00/100 DOLLARS ($500.00) and less than TEN MILLION AND 00/100 DOLLARS ($10,000,000.00).

## VI.

## ATTORNEY'S FEES

56. Plaintiff requests award of her reasonable and necessary attorney's fees for this action. *See, e.g.*, 42 U.S.C. §§ 1983 & 1988.

## VII.

## IMMUNITY

57. Defendants are not entitled to qualified or sovereign immunity, because Defendants' actions clearly violate an established constitutional right and Defendants' conduct was objectively unreasonable in light of clearly established law at the time of the incident.

## VIII.

## JURY DEMAND

58.    Plaintiff demands a jury of her peers be empaneled to hear and decide the issues presented in this case.

## IX.

## RELIEF REQUESTED

59.    For the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendants consistent with the relief requested herein, and for any and all relief Plaintiff may show she is entitled including actual damages, compensatory damages, nominal damages, punitive damages, court and litigation costs, expert fees, attorney's fees, and statutory interest.

Dated this 22nd day of July, 2020.

Respectfully submitted,

RUSHING LEGAL, PLLC

By: _____
S. GREG RUSHING
Texas Bar No. 24083772
SD TX Bar No. 1250618
9610 Long Point Rd. #300
Houston, TX 77055
Telephone: (713) 574-5969
Facsimile: (888) 441-5188
E-mail: greg@therushinglawfirm.net
**ATTORNEY FOR PLAINTIFF**
**PRISCILLA MARIE CERDA**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing has been served this 22nd day of July 2020, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Heather Scott
Texas Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerrasabo.com
R.D. "Bobby" Guerra
Texas Bar No. 08578640
USDC Adm. No. 5949
Email: rdguerra@guerrasabo.com
Carlo H. Tamayo
Texas Bar No.24115373
USDC Adm. No. 3498642
Email: ctamayo@guerrasabo.com
GUERRA & SABO, PLLC
10123 N. 10th Street
McAllen, Texas 78504
TEL:  (956) 541-1846
FAX: (956) 541-1893
**ATTORNEYS FOR DEFENDANTS**
**CITY OF PEÑITAS,**
**PEÑITAS CHIEF OF POLICE ROEL BERMEA, and**
**PEÑITAS MAYOR RODRIGO LOPEZ**

                                                */s/ S. Greg Rushing*
                                                S. Greg Rushing