United States District Court
Southern District of Texas
**ENTERED**
September 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PRISCILLA M CERDA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-147 |
| | § | |
| CITY OF PALMVIEW, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER AND OPINION</u>

The Court now considers the motion to dismiss[1] filed by Defendants City of Peñitas; City of Peñitas Chief of Police, Roel Bermea; and Mayor of the City of Peñitas, Rodrigo Lopez (hereafter, collectively, "Peñitas Defendants"), the response in opposition[2] filed by Priscilla Marie Cerda ("Plaintiff") and the reply filed by the Peñitas Defendants.[3] The Court also considers the opposed motion for leave to file an amended complaint[4] filed by Plaintiff. Finally, the Court considers the "Motion to Reinstate as Defendants the City of Palmview, Palmview Chief of Police Gilbert Zamora, Palmview Mayor Ricardo Villareal, and Palmview Police Officer John Doe as Defendants"[5] (hereafter, "motion to reinstate") filed by Plaintiff. After considering the motions, record, and relevant authorities, the Court hereby **GRANTS** the motion to dismiss[6] and **DENIES** Plaintiff's motion for leave to amend[7] and motion to reinstate.[8]

---

[1] Dkt. No. 2.
[2] Dkt. Nos. 4, 8. Plaintiff filed an amended response in opposition to the motion to dismiss. Thus, the Court will consider only the amended response. Dkt. No. 8.
[3] Dkt. No. 10.
[4] Dkt. No. 13.
[5] Dkt. No. 16.
[6] Dkt. No. 2.
[7] Dkt. No. 13.
[8] Dkt. No. 16.

## I.    BACKGROUND

Plaintiff brings this action under 42 U.S.C. 1983 and the due process clause of the Fourteenth Amendment.[9] Plaintiff alleges that on July 23, 2018, she was arrested by City of Peñitas police officers but taken to the City of Palmview Police Department due to the fact that the City of Peñitas does not have a jail facility.[10] While in custody at the Palmview Police Department, Plaintiff alleges she was raped by an employee of the Palmview Police Department.[11] Plaintiff alleges she was "placed alone in a jail cell overnight"[12] and " woke up naked after the attack and immediately sought help from Defendants."[13] Plaintiff claims she reported the attack to Palmview Police Officer David Gutierrez, who allegedly "responded by telling Plaintiff that if she was lying about anything she was going to prison for making a false accusation."[14] After she reported the attack, Plaintiff was taken to a hospital in McAllen, Texas, where a nurse conducted a sexual assault forensic exam, or a rape kit.[15] Plaintiff alleges that the rape kit "confirmed Plaintiff was sexually assaulted while in Defendants' sole custody."[16]

Plaintiff filed her original petition in state court on March 19, 2020, originally bringing claims against all Defendants for cruel and unusual punishment in violation of the Eighth Amendment and deprivation of her pretrial constitutional rights pursuant to 42 U.S.C. § 1983.[17] The Peñitas Defendants removed to this Court on June 5, 2020 on the basis of federal question

---

[9] *See generally* Dkt. No. 12-1 (Plaintiff's Original State Court Petition); Dkt. No. 14 (Plaintiff's Amended Complaint). As the Court discusses elsewhere in this Order, the Court considers Plaintiff's proposed amended complaint in an attempt to determine whether the additional information included in Plaintiff's proposed amended complaint survives the Peñitas Defendants' motion to dismiss. Thus, the facts contained in this Order reflect those contained in the original and amended complaints.

[10] Dkt. No. 2 at 5, ¶ 7.

[11] Dkt. No. 12-1 at 5, ¶ 17.

[12] *Id.* at 4, ¶ 15.

[13] *Id.* at 5, ¶ 18.

[14] *Id.* ¶ 20.

[15] *Id.* ¶ 21.

[16] *Id.* ¶ 22.

[17] Dkt. No. 12-1 at 5–7.

jurisdiction.[18] In the notice of removal, the Peñitas Defendants note that Plaintiff failed to properly serve them in compliance with the Federal Rules of Civil Procedure, but that they received notice of the lawsuit after being "served with a subpoena to produce documents in the state court matter on May 8, 2020."[19]

In the notice of removal, the Peñitas Defendants also informed the Court of a previous suit filed by Plaintiff. On November 27, 2019, Plaintiff filed an identical lawsuit in this division of the United States District Court for the Southern District of Texas styled *Priscilla Marie Cerda v. City of Palmview, Palmview Chief of Police Gilbert Zamora, Palmview Mayor Ricardo Villarreal, Palmview Police Officer John Doe, City of Peñitas, City of Peñitas Chief of Police Roel Bermea, and Peñitas Mayor Rodrigo Lopez*.[20] The 2019 lawsuit was before the Honorable Judge Randy Crane, who ordered Plaintiff to show cause on March 2, 2020 for her failure to timely serve the Defendants nearly six months after filing the case.[21] Thereafter, Plaintiff filed a motion for non-suit seeking to dismiss the case without prejudice to refile the same.[22] The court granted Plaintiff's request and dismissed the case on March 3, 2020.[23] Plaintiff refiled this lawsuit in state court sixteen days later on March 19, 2020[24] and the Peñitas Defendants timely removed to this Court on June 5, 2020 after receiving notice of the suit on May 8, 2020.[25]

Shortly after removing the case to this Court, the Peñitas Defendants filed the instant motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule")

---

[18] Dkt. No. 1.
[19] *Id.* at 3.
[20] *Priscilla Marie Cerda v. City of Palmview, Palmview Chief of Police Gilbert Zamora, Palmview Mayor Ricardo Villarreal, Palmview Police Officer John Doe, City of Peñitas, City of Peñitas Chief of Police Roel Bermea, and Peñitas Mayor Rodrigo Lopez*, Case No. 7:19-cv-396.
[21] *Id.* at Dkt. No. 7.
[22] *Id.* at Dkt. No. 8.
[23] *Id.* at Dkt. No. 9.
[24] Dkt. No. 12-1.
[25] *See* Dkt. No. 1.

12(b)(6).[26] Plaintiff timely responded in opposition on June 22, 2020,[27] and later amended the response on June 26, 2020.[28] The Peñitas Defendants replied to Plaintiff's response on July 6, 2020.[29] After all responsive motions were filed as to the motion to dismiss, Plaintiff filed the instant motion for leave to amend her complaint on July 22, 2020.[30] Therein, Plaintiff informed the Court that the Peñitas Defendants were opposed to the motion for leave to amend, but the Peñitas Defendants have yet to respond in opposition. Plaintiff filed her proposed amended complaint on the docket for the Court's review.[31]

At the time of this case's removal, Plaintiff had yet to serve the Palmview Defendants. Pursuant to Rule 4(m), Plaintiff had until June 16, 2020 to serve all Defendants.[32] Thus, on July 7, 2020, the Court gave "Plaintiff notice that the unserved Defendants will be dismissed from this case on July 16, 2020 unless Plaintiff can show good cause for her failure to do so prior to that date."[33] The Court warned Plaintiff that "this is not the first time Plaintiff has filed this exact case in this Court and failed to properly serve all Defendants. Accordingly, the Court may consider dismissing this action against certain Defendants *with* prejudice."[34]

Plaintiff failed to serve the Palmview Defendants or provide the Court with good cause for her failure to do so by July 16, 2020, despite filing other motions on the Court's docket. After Plaintiff completely disregarded this Court's order, the Court dismissed the Palmview

---

[26] Dkt. No. 2.
[27] Dkt. No. 4.
[28] Dkt. No. 8. Because the response was amended in a timely manner, the Court will consider Plaintiff's amended response.
[29] Dkt. No. 10.
[30] Dkt. No. 13.
[31] Dkt. No. 14.
[32] FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").
[33] Dkt. No. 11.
[34] *Id.* at n. 7.

Defendants from this case with prejudice on July 27, 2020.[35] On July 29, 2020, Plaintiff filed the instant motion to reinstate the Palmview Defendants.[36]

The Court turns first to preliminary matters regarding Plaintiff's lack of compliance with the Federal Rules of Civil Procedure, before turning to its analysis.

## II.   CAUTIONARY NOTE

The Court first addresses Plaintiff's noncompliance with Rule 7(b)(2) with regard to Plaintiff's response to the motion to dismiss[37] and Plaintiff's motion to reinstate.[38] Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Rule 10(b) in turn provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The instant response to the motion to dismiss[39] and motion to reinstate[40] do not have numbered paragraphs, hindering the Court's reference to Plaintiff's arguments. The Court cautions Plaintiff that future submissions should consistently number each paragraph to properly comply with the rules. The Court now turns to its analysis, turning first to Plaintiff's motion to reinstate in order to determine which parties are properly before the Court.

## III.   MOTION TO REINSTATE

In the motion to reinstate, Plaintiff requests that the Court reinstate the Palmview Defendants on the basis that they were served prior to July 16, 2020 in compliance with the Court's July 7, 2020 order.[41] Plaintiff attaches returned service citations for each of the

---

[35] Dkt. No. 15.
[36] Dkt. No. 16.
[37] Dkt. No. 4.
[38] Dkt. No. 16.
[39] Dkt. No. 4.
[40] Dkt. No. 16.
[41] Dkt. No. 16 at 2, ¶ A.

Palmview Defendants which were issued on May 20, 2020 by Krystal Hidalgo, the Deputy Clerk of the 275th District Court of Hidalgo County.[42] Although this case was removed to federal court on June 5, 2020,[43] the state court citations were served on all Palmview Defendants through Palmview Mayor Ricardo Villarreal on July 9, 2020 and were filed in state court on July 13, 2020.[44]

In addition to arguing that the Palmview Defendants were properly and timely served, Plaintiff further argues that the Palmview Defendants "were appraised of the proceeding in the form of the original petition" and are evading service.[45] Plaintiff bases this argument on email correspondence between Plaintiff's counsel and counsel for Palmview Defendants, J. Arnold Aguilar.[46] In the emails, Mr. Aguilar informs Plaintiff's counsel that he is representing the Palmview Defendants, and that Plaintiff has failed to properly serve his clients because Plaintiff served citations issued by the state court after the case was removed to federal court.[47] Mr. Aguilar also reminds Plaintiff that Mayor Villarreal cannot accept service on behalf of Palmview Police Officer John Doe.[48] Based on this correspondence, Plaintiff argues that Mr. Aguilar "has engaged in evasive maneuvering contrary to justice . . ."[49]

Finally, Plaintiff "asks the Court to recognize the plain necessity of Palmview Defendants' involvement to the proper adjudication of Plaintiff's claims, especially given that Plaintiff's rapist, Officer John Doe, is one of the Palmview Defendants."[50] Plaintiff argues that "[the Palmview] Defendants have collectively shrouded Officer John Doe's identity (against the

---

[42] Dkt. No. 16-1 at 3–10.
[43] Dkt. No. 1.
[44] Dkt. No. 16-1 at 3.
[45] *Id.* at 2–3.
[46] Dkt. No. 16-2.
[47] *See id.* at 12.
[48] *Id.* at 13.
[49] Dkt. No. 16 at 3.
[50] *Id.*

interests of justice and public safety), even going so far as to falsely deny Plaintiff the ability to serve her rapist with the claims against him."[51] Based on the foregoing, Plaintiff asks the Court to reinstate the Palmview Defendants.

The Court declines to grant Plaintiff's request for three reasons. First, Plaintiff's service of the Palmview Defendants with state court citations after the case's removal to federal court was not only improper, but ineffective. As Mr. Aguilar points out in his email to Plaintiff's counsel, the state court is divested of jurisdiction the moment the case is properly removed to federal court.[52] Moreover, pursuant to 28 U.S.C. § 1448, "[i]n all cases removed from any [s]tate court to any district court of the United States in which any one or more of the defendants has not been served with process . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." There is nothing in the record to suggest that Plaintiff attempted to properly serve the Palmview Defendants with citations issued by this federal court after removal. There is also no evidence that the Palmview Defendants are evading service. Mr. Aguilar merely informed Plaintiff that service was improper and is under no obligation to advise Plaintiff as to how to properly serve government agents in federal court.

Second, Plaintiff completely disregarded this Court's order regarding service of the Palmview Defendants. On July 7, 2020, the Court gave "Plaintiff notice that the unserved

---

[51] *Id.* at 3–4.

[52] *See* 28 U.S.C. § 1446 (d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *see also Iqbal v. Bank of Am., N.A.*, No. A-12-CA-938-SS, 2012 WL 11955635, at *5 (W.D. Tex. Dec. 18, 2012), aff'd, 559 F. App'x 363 (5th Cir. 2014) ("When a case begins in state court and is later removed to federal court, there are not *concurrent* proceedings. The removal action takes the case from the state court and places it in federal court. Because the state court no longer has jurisdiction over the case, there is no jurisdictional conflict for the law to avoid or resolve.").

Defendants will be dismissed from this case on July 16, 2020 unless Plaintiff can show good cause for her failure to do so prior to that date."[53] The Court warned Plaintiff that it would dismiss the Palmview Defendants with prejudice if Plaintiff did not serve them or provide good cause for her failure to do so.[54] After receiving this warning, Plaintiff did not attempt to issue summons through the Clerk of this Court, did not file a motion for substitute service, and did not provide the Court with good cause as to why Plaintiff was unable to serve the Palmview Defendants. Thus, the Court dismissed the Palmview Defendants with prejudice.[55] Between the Court's July 7, 2020 order and its dismissal of the Palmview Defendants on July 27, 2020, Plaintiff filed the motion for leave to amend and an amended complaint on the Court's docket.[56] Neither document provides any explanation or cause for why Plaintiff had yet to serve the Palmview Defendants. Yet, two days after the Court dismissed the Palmview Defendants, Plaintiff filed the instant motion to reinstate, claiming that the Palmview Defendants were properly served and requesting that they be reinstated. The motion to reinstate also provides no cause for Plaintiff's noncompliance with this Court's July 7, 2020 order. Plaintiff seems to believe that this Court should have known of Plaintiff's purported service of the Palmview Defendants, despite the fact that the citations were issued by the state court and the returns were not filed in this court.

Finally, and most importantly, the Court cannot ignore that Plaintiff has been given multiple opportunities to serve the Palmview Defendants in multiple forums. Plaintiff previously filed this case in the McAllen Division of the Southern District of Texas on November 27,

---

[53] Dkt. No. 11.
[54] *Id.* at n. 7.
[55] Dkt. No. 15.
[56] *See* Dkt. Nos. 13–14.

2019.[57] During the six months in which the case was pending, Plaintiff failed to serve the Palmview Defendants.[58] After Judge Crane ordered Plaintiff to show cause for this failure, Plaintiff dismissed the case and immediately refiled it in state court, and the case was then removed to this Court. Plaintiff accuses the Palmview Defendants of "evasive maneuvering,"[59] while Plaintiff appears to be shopping for a forum that will excuse Plaintiff's failure to serve all Defendants in compliance with Rule 4. While the Court is sympathetic to the necessity of the Palmview Defendants' presence in this action considering Plaintiff's allegation against Palmview Officer John Doe, the United States Constitution and the Federal Rules of Civil Procedure require proper notice to all defendants. Furthermore, this Court cannot tolerate Plaintiff's blatant disregard for this Court's orders. Accordingly, the Court hereby **DENIES** Plaintiff's motion to reinstate.[60] Only the Peñitas Defendants (hereafter, "Defendants") remain.

The Court now turns to the motion to dismiss[61] and Plaintiff's motion for leave to amend.[62] Both motions are now ripe and the Court exercises its discretion to consider the motion for leave to amend concurrently with the motion to dismiss. The Fifth Circuit has held that while the amendment rules are liberal, they "do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[63] Therefore, the Court's decision regarding whether to grant Plaintiff leave to amend hinges on

---

[57] *See Priscilla Marie Cerda v. City of Palmview, Palmview Chief of Police Gilbert Zamora, Palmview Mayor Ricardo Villarreal, Palmview Police Officer John Doe, City of Peñitas, City of Peñitas Chief of Police Roel Bermea, and Peñitas Mayor Rodrigo Lopez*, Case No. 7:19-cv-396.

[58] *See id.*

[59] Dkt. No. 16 at 3.

[60] Dkt. No. 16.

[61] Dkt. No. 2.

[62] Dkt. No. 13.

[63] *See United States ex rel. Jackson v. Univ. of N. Texas*, 673 F. Appx 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)); *see also Garcia v. Communities in Sch. of Brazoria Cty., Inc.*, No. CV H-18-4558, 2019 WL 2420079, at *14 (S.D. Tex. June 10, 2019) (allowing dismissal of claims without leave to amend because amendment would be futile).

whether the proposed amended complaint would be subject to dismissal. Thus, in considering Defendants' motion to dismiss, the Court also considers Plaintiff's proposed amended complaint in order to determine whether the amended complaint states a claim for relief and whether amendment would be futile. The Court now turns to its analysis of the motion to dismiss.

## IV.   MOTION TO DISMISS

### a.   Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[64] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the elements."[65] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[66] These well-pled facts are viewed in the light most favorable to the plaintiff.[67] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted on its face, or if the pleading does not assert enough facts to support a plausible claim for relief.[68]

### b.   Legal Analysis

Defendants move for dismissal of Plaintiff's original complaint, which contains two claims: (1) cruel and unusual punishment in violation of the Eighth Amendment; and (2) deprivation of Plaintiff's pretrial constitutional rights pursuant to 42 U.S.C. § 1983.[69] Defendants' motion to dismiss argues that Plaintiff cannot maintain an Eighth Amendment claim for cruel and unusual punishment because such a claim is only available to convicted prisoners, not pretrial

---

[64] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008) (internal quotations omitted)).
[65] *See Twombly*, 550 U.S. at 555.
[66] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[67] *Id.*
[68] *See In re Katrina*, 495 F.3d at 205.
[69] Dkt. No. 12-1 at 5–7.

detainees.[70] Plaintiff admits this is the case in the motion for leave to amend, and seeks to amend her complaint in order to instead bring a claim "based on violation of her rights under the due process clause of the Fourteenth Amendment."[71] Plaintiff's proposed amended complaint contains the following two claims: (1) 42 U.S.C. § 1983 – Fourteenth Amendment;" and (2) "42 U.S.C. § 1983 – *Ratliff v. City of Hous.*, No. H-02-3809, 2005 U.S. Dist. LEXIS 39410 (S.D. Tex. 2005); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978)."[72] The second claim appears to be the same as the first, but includes specific allegations by Plaintiff regarding "local government liability."[73] Thus, despite being somewhat convoluted, Plaintiff's proposed amended complaint asserts a single claim against Defendants for deprivation of her Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983.

The Court also notes that there has been confusion among the parties as to whether Plaintiff is suing City of Peñitas Chief of Police, Roel Bermea (hereafter, "Defendant Bermea") and Mayor of the City of Peñitas, Rodrigo Lopez (hereafter, "Defendant Lopez") in their official or individual capacities. Defendants argue in their motion to dismiss that Plaintiff's original complaint is so vague that it fails to specify whether Plaintiff is suing Defendant Bermea and Defendant Lopez in their official or individual capacities.[74] Plaintiff provides clarity in the response to the motion to dismiss, stating: "As for [Plaintiff] not having expressly indicated that she is suing Defendants Bermea and Lopez as individuals, rather than in their official capacities, from the tenor of the pleading as a whole it is clear that [Plaintiff] is suing them in their individual capacities."[75] Plaintiff's amended complaint clarifies that Plaintiff brings her claim against Defendants Bermea

---

[70] Dkt. No. 2 at 6, ¶ 9 (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).
[71] Dkt. No. 13 at 6, ¶ 21.
[72] Dkt. No. 14 at 5, 9.
[73] *Id.* at 9.
[74] Dkt. No. 2 at 8, ¶ 11.
[75] Dkt. No. 5 at 8.

and Lopez in their individual capacities.[76]

Now that the Court has determined the claims being brought and the Defendants named in the case, for the purposes of considering the futility of Plaintiff's proposed amended complaint, the Court will consider whether Plaintiff's single claim against Defendants for deprivation of her due process rights in violation of 42 U.S.C. § 1983 is sufficient to survive the motion to dismiss. The Court will first consider the claim against the City of Peñitas itself, before turning to Defendants Bermea and Lopez.

### i. City of Peñitas

"Section 1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws'" while acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia.'"[77] "Courts consider municipalities and other local governmental bodies 'persons' within the meaning of § 1983."[78]

"[M]unicipal liability under [S]ection 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom."[79] "*Respondeat superior* or vicarious liability will not attach under § 1983"[80] and local governments cannot be held liable for constitutional torts committed by their employees.[81] Therefore, the "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur."[82] Isolated or random

---

[76] Dkt. No. 14 at 7, ¶ 34.

[77] *Centamore v. City of Houston*, 9 F. Supp. 2d 717, 722 (S.D. Tex. 1997) (citing 42 U.S.C. § 1983).

[78] *Id.* (citing *Board of County Comm'rs v. Brown,* 520 U.S. 397 (1997); *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 689 (1978); *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 532 (5th Cir.1996).

[79] *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) (alteration in original) (quotation omitted).

[80] *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

[81] *See Monell,* 436 U.S. at 694.

[82] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

unconstitutional actions, even by official municipal employees, will seldom trigger policy liability.[83]

There are two forms of "official policy," which are (1) formal policies announced via official channels, and (2) "a 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"[84] There is, however, a high bar to prove an official custom:

> Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. It is thus clear that a plaintiff must demonstrate a pattern of abuses that transcends the error made in a single case. A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question. A pattern also requires sufficiently numerous prior incidents, as opposed to isolated instances.[85]

The official policymaker must be chargeable with actual or constructive knowledge of the custom to hold the municipality liable.[86] Finally, the third element requires "a direct causal link between the municipal policy and the constitutional deprivation," or a substantial demonstration that the policy or custom is the "moving force" behind the constitutional violation.[87]

The Court must begin by "deciding whether to classify the "challenge as an attack on a 'condition of confinement' or as an 'episodic act or omission.'"[88] 'Constitutional attacks on general conditions, practices, rules, or restrictions of pretrial confinement are referred to as 'jail

---

[83] *Id.*

[84] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

[85] *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009) (alteration deleted) (internal quotation marks and citations omitted).

[86] *Okon v. Harris Cty. Hosp. Dist.*, 426 F. App'x 312, 316 (5th Cir. 2011).

[87] *Piotrowski*, 237 F.3d at 580.

[88] *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999) (quoting *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (en banc)).

condition cases.'"[89] On the other hand, a claim based on particular acts or omissions by one or more jail officials is referred to as an episodic acts or omissions claim.[90] Plaintiff does not argue that the conditions of the jail itself were unconstitutional. Rather, Plaintiff's claim involves an episodic act she alleges was committed by an employee of the City of Palmview while she was in the custody of the City of Peñitas. Accordingly, the Court will consider Plaintiff's claim under the legal standard applicable to an episodic-act case.

"To establish municipal liability in an episodic-act case, a plaintiff must show '(1) that the municipal employee[s] violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.'"[91] To show "subjective deliberate indifference" under the first prong, "a plaintiff must show that public officers were [1] aware of facts from which an inference of a substantial risk of serious harm to an individual could be drawn; [2] that they actually drew the inference."[92] To show "objective deliberate indifference" under the second prong, the applicable custom or policy or training must have been so obviously inadequate and, due to its inadequacy, so likely to result in a violation of constitutional rights "that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."[93] "It must be obvious that the likely consequences of not adopting a policy will be a deprivation of civil rights."[94] "While the municipal policy-maker's

---

[89] *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996).

[90] *Id.* at 645.

[91] *Garza*, 922 F.3d at 634 (quoting *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008)).

[92] *Id.* (alterations in original); *see also Olabisiomotosho*, 185 F.3d at 526 (quotation omitted) ("Subjective deliberate indifference means the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.").

[93] *Farmer v. Brennan*, 511 U.S. 825, 840–41 (1994) (quotation omitted), *quoted in Hare v. City of Corinth*, 74 F.3d 633, 649 n.4 (5th Cir. 1996).

[94] *Brown v. Callahan*, 623 F.3d 249, 257 (5th Cir. 2010) (quotation omitted).

failure to adopt a precaution can be the basis for § 1983 liability, such omission must amount to an intentional choice, not merely an unintentionally negligent oversight."[95]

Defendants argue in the motion to dismiss that Plaintiff's original petition fails to allege facts necessary to state a plausible claim for relief against the City of Peñitas**.** Defendants argue that "Plaintiff does not allege any specific action, policy, custom, or practice of the City of Peñitas that allegedly caused a violation of the Plaintiff's constitutional rights."[96] Defendants assert that "Plaintiff offers no factual allegation of the moving force responsible for the alleged constitutional violation—in order for liability to attach, the policy, practice or custom, must be the 'moving force' which causes the unconstitutional action."[97] Finally, Defendants argue that "[a]ll of Plaintiff's claims stem from an act that occurred while she was in custody at the Palmview Police Department jail"[98] and "any allegations regarding the administration, training, policy, procedures, and customs of the jail as the moving factor causing Plaintiff's constitutional violations cannot create liability for the City of Penitas."[99]

In response, Plaintiff argues that she has "sufficiently alleged that the City of Penitas, through its Chief of Police and Mayor, failed to supervise and train their jail employees, overlooked misconduct, failed to thoroughly investigate the rape of [Plaintiff], and were willfully blind to the constitutional violations of their employees."[100] Plaintiff further argues "that such behaviors were so common and well-settled as to constitute official policy of the City. It is beyond dispute that the Chief of Police and the Mayor are policymakers for the City."[101] Finally, Plaintiff argues that "[t]he fact that the City of Penitas used the jail in the City of Palmview because it did

---

[95] *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992).
[96] Dkt. No. 2 at 5, ¶ 6.
[97] *Id.*
[98] *Id.*
[99] *Id.* at 5, ¶ 7.
[100] Dkt. No. 8 at 4.
[101] *Id.*

not have its own jail does not exonerate the City of Penitas Defendants. To dismiss Cerda's claim against the City of Penitas Defendants at this early stage would wrongly deprive her of the ability to establish that basis for municipal liability."[102]

Because Plaintiff has filed her motion for leave to amend and her proposed amended complaint since responding to Defendants' motion to dismiss, the Court will consider the original petition but will also consider whether Plaintiff's proposed amended complaint alleges facts against the City of Peñitas sufficient to survive Defendants' motion to dismiss and the arguments contained therein. In the proposed amended complaint, Plaintiff pivots from her focus on the City of Peñitas' hiring practices to an allegation that the City of Peñitas' policy of detaining their pretrial detainees at other jails in the area was one that was likely to result in the violation of constitutional rights. Plaintiff alleges that "Defendant City of Peñitas' practice of allowing jailing entities to hold its pretrial detainees in a manner that attempts to shift but more accurately breaches City of Peñitas' duty to supervise and protect its pretrial detainees from conditions that can likely amount to punishment has very likely resulted in Plaintiff's unconstitutional treatment."[103] Plaintiff further alleges,

> Defendants neglected to supervise and protect Plaintiff while detained under their custody despite numerous reported incidents of sexual assault against inmates in Hidalgo County detention centers, including that of a Peñitas Police Department detainee raped on video while detained at La Joya Jail. Defendants' failure to supervise and protect Plaintiff constitutes sheer disregard of the reasonable foreseeability of sexual assault occurring in Hidalgo County detention centers, establishing the specific action of neglecting to supervise and protect pretrial detainees, which, among the Defendants, likely coalesced to form the moving force allowing employee Officer John Doe to rape Plaintiff in clear violation of both the U.S. Constitution and well-established public policy.[104]

---

[102] *Id.* at 6.
[103] Dkt. No. 14 at 6, ¶ 32.
[104] *Id.* at 6–7, ¶ 33 (citing *Renee v. Peralez*, No. 7:16-CV-281, 2017 U.S. Dist. LEXIS 122885 (S.D. Tex. 2017)).

Considering Plaintiff's proposed amended complaint, the Court finds that Plaintiff fails to allege facts sufficient to state a plausible claim for municipal liability under § 1983 against the City of Peñitas. First, Plaintiff fails to sufficiently identify a policymaker. Plaintiff's proposed amended complaint fails to identify any policymaker or make any claims as to that policymaker's actual or constructive knowledge of a policy or custom. In Plaintiff's response to the motion to dismiss, Plaintiff attempts to survive Defendants' arguments that Plaintiff has not identified a policymaker by stating "[i]t is beyond dispute that the Chief of Police and the Mayor are policymakers for the City."[105] Even if the Court were to accept this conclusory statement, Plaintiff does not allege that Defendants Bermea or Lopez knew or should have known of a policy or custom.

Second, Plaintiff fails to sufficiently identify a policy or custom that was the moving force of Plaintiff's constitutional violations. Plaintiff's allegations are conclusory and vague in nature, making it difficult for the Court to discern any policy or custom at all. Plaintiff's proposed amended complaint first provides, "[t]he local government is liable because it does not have a grievance procedure, which is an illegal custom or practice within the government."[106] Plaintiff does not explain how the City of Peñitas' lack of a grievance procedure is "illegal . . . within the government" and does not provide any facts or argument as to how this lack of policy was the moving force behind Plaintiff's constitutional violation. Plaintiff "further asserts liability of the local government because of a custom, practice, or policy of inadequate training or

---

[105] Dkt. No. 4 at 4.

[106] Dkt. No. 14 at 9, ¶ 47. In the response to the motion to dismiss, Plaintiff also argues that she "has sufficiently alleged that the City of Penitas, through its Chief of Police and Mayor, failed to supervise and train their jail employees, overlooked misconduct, failed to thoroughly investigate the rape of Cerda, and were willfully blind to the constitutional violations of their employees." Dkt. No. 4 at 4. The Court does not find these allegations in Plaintiff's original or proposed amended complaint, but these allegations still do not suffice to allege an official policy or custom. This passage certainly does not suffice to state a claim for municipal liability, as Plaintiff alleges that only the City of Palmview's jail employees were involved in Plaintiff's detention and sexual assault.

supervision, or of hiring of its employees."[107] Plaintiff does not state what custom, practice, or policy she refers to and certainly does not show a direct causal link between this policy and Plaintiff's constitutional deprivation, or allege facts to plausibly suggest that the policy or custom is the "moving force" behind the constitutional violation.[108] Finally, the only identified policy the Court can discern from Plaintiff's pleadings is the City of Peñitas' policy of detaining pretrial detainees in the jails of neighboring cities. However, Plaintiff fails to show that this policy was so likely to cause constitutional violations or that it was the moving force behind Plaintiff's alleged constitutional violation to trigger municipal liability. The involvement of the employees of the City of Peñitas in this case is limited to the Peñitas arresting officers dropping Plaintiff off for detainment at the Palmview jail.

Finally, Plaintiff cites to a similar case, *Renee v. Peralez*, in arguing that the City of Peñitas' "custom, practice, or policy of inadequate training or supervision, or of hiring of its employees" routinely results in the violation of constitutional rights. In *Renee v. Peralez*, a similarly situated plaintiff, Ms. Renee, sued the City of Peñitas, the City of La Joya, and various employees of both cities after she was arrested by a Peñitas police officer, detained in the La Joya jail, and subsequently sexually assaulted by a La Joya Police Officer.[109] Despite the fact that Ms. Renee's assault was caught on camera and her complaint was much more detailed than that of the instant Plaintiff, the court in *Peralez* granted the City of Peñitas' motion to dismiss and dismissed Ms. Renee's § 1983 claim, stating: "Unlike with the City of La Joya, Ms. Renee has not alleged—and the Court is otherwise unaware of—any single incident of sexual abuse by employees of the City of Penitas that would have put the City and its policy makers on notice that their policies and training regarding sexual abuse were inadequate or that a future violation

---

[107] *Id.* ¶ 48.
[108] *Piotrowski*, 237 F.3d at 580.
[109] *Renee v. Peralez*, No. 7:16-CV-281, 2017 WL 3335989 (S.D. Tex. Aug. 3, 2017).

of constitutional rights was likely."[110] This Court agrees – even if Plaintiff had sufficiently identified a specific "custom, practice, or policy of inadequate training or supervision," there is nothing on the record to suggest that employees of the City of Peñitas have been involved in an incident of sexual abuse that would have put its policymakers on notice of a policy's inadequacy. Furthermore, while the City of Peñitas may have been on notice of problems at the La Joya jail after the *Peralez* case, Plaintiff fails to set forth any facts that the City of Peñitas had notice of problems at the Palmview facility.  As was the case in *Peralez*, Plaintiff's sexual assault was allegedly committed by an employee of an entirely different city.

Accordingly, Plaintiff has failed to state a claim for relief against the City of Peñitas in either her original petition or in the proposed amended complaint. The Court hereby **GRANTS** Defendants' motion to dismiss[111] as to the City of Peñitas. The Court now turns to the arguments contained in the motion to dismiss regarding Plaintiff's claims against Defendants Bermea and Lopez in their individual capacities.

### ii.   Defendants Bermea and Lopez

Defendants move for dismissal of Plaintiff's claims against Defendants Bermea and Lopez in their individual capacities on the grounds that both Defendants are protected by qualified immunity.[112] Defendants argue that "Plaintiff is required to take each defendant, articulate which constitutional right was violated by each defendant, how each defendant's actions were undertaken with deliberate difference, and show that a right was clearly established at the time. Plaintiff has not done this."[113] Defendants further argue that "[n]owhere in Plaintiff's Original Petition does Plaintiff specify, with the requisite degree of particularity, [] any actions

---

[110] *Id.* at *14.
[111] Dkt. No. 2.
[112] *Id.* at 7–8.
[113] *Id.* at 8, ¶ 11.

each of these individual Defendants supposedly engaged in that, if true, would amount to a violation of a clearly established constitutional right."[114]

Plaintiff's arguments in response to Defendants' motion to dismiss regarding Plaintiff's claims against Defendants Bermea and Lopez are identical to her responsive arguments regarding her claims against the City of Peñitas. Plaintiff once again argues, "Defendant[s], failed to supervise and train their jail employees, overlooked misconduct and failed to thoroughly investigate the rape of [Plaintiff]. [Plaintiff] further alleges that these Defendants showed willful blindness towards the constitutional violations of their employees, and that such behaviors were so common and well-settled as to constitute official policy of the City."[115] Plaintiff copies and pastes this same argument, verbatim, despite dividing her response to the motion to dismiss into sections addressing particular Defendants. Plaintiff's proposed amended complaint provides no additional allegations against Defendants Bermea and Lopez.[116] Rather, Plaintiff merely includes a blanket statement addressing immunity, stating: "Defendants are not entitled to qualified or sovereign immunity, because Defendants' actions clearly violate an established constitutional right and Defendants' conduct was objectively unreasonable in light of clearly established law at the time of the incident."[117] Plaintiff does not clarify which Defendants she addresses with this statement, but the Court assumes it is directed towards Defendants Bermea and Lopez, as well as Palmview Chief of Police Gilbert Zamora and Palmview Mayor Ricardo Villarreal, who have been dismissed from the case.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[114] *Id.*
[115] Dkt. No. 4 at 8.
[116] *See* Dkt. No. 14.
[117] *Id.* at 10, ¶ 57.

rights of which a reasonable person would have known.'"[118] Generally, the Court must "decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right [and] . . . whether the right at issue was clearly established at the time of defendant's alleged misconduct."[119]

Courts utilize a two-prong test to determine whether a defendant is protected by qualified immunity.[120] The Court is to "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[121] Under the first prong, the plaintiff must merely state a plausible claim for relief that rests on more than conclusions.[122] Under the second prong,

> [t]he constitutional right must be sufficiently clear to put a reasonable officer on notice that certain conduct violates that right. The Supreme Court has warned against vague or general assertions of constitutional rights and has required a § 1983 plaintiff to state with specificity the constitutional right that has been allegedly violated—otherwise, liability could be imposed in every case. The federal courts of appeal have taken an especially strict approach to determining whether a constitutional right is cognizable, thus resolving any doubts in the law against § 1983 plaintiffs.[123]

So "[t]o identify whether the law was clearly established when the officers acted," there must be "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[124] Plaintiff bears the burden to identify the authority "that does not define the law at a high level of generality,"[125] and rather frames the right that was allegedly violated with sufficient specificity and granularity that it is

---

[118] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).
[119] *Id.* at 232.
[120] *Id.* at 236.
[121] *Id.* at 236.
[122] *Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016).
[123] *Sanchez*, 139 F.3d at 466–67 (citations omitted).
[124] *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quotation omitted), *cert. denied*, 140 S. Ct. 388 (2019).
[125] *Id.* (quoting *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018)).

beyond debate that such right was allegedly violated.[126] "The burden is on the plaintiff to overcome a defendant's defense of qualified immunity" by showing the violation of clearly established law.[127] Because the defense of qualified immunity is a "demanding standard" that "protects all but the plainly incompetent or those who knowingly violate the law," qualified immunity is the "norm, and courts should deny a defendant immunity only in rare circumstances."[128]

The Court is typically required to "examine each individual defendant's entitlement to qualified immunity separately."[129] However, because Plaintiff's pleads so little as to her claims against Defendants Bermea and Lopez and makes no separate allegations against them, the Court will address qualified immunity as to both individual Defendants simultaneously. Considering Plaintiff's proposed amended complaint, Plaintiff has not fulfilled any of the requirements to overcome qualified immunity. The Court exercises its discretion to first consider the second prong of the two-part test. As to qualified immunity, Plaintiff merely argues, "Defendants are not entitled to qualified or sovereign immunity, because Defendants' actions clearly violate an established constitutional right and Defendants' conduct was objectively unreasonable in light of clearly established law at the time of the incident."[130] With these conclusory statements, Plaintiff fails to identify a clearly establish constitutional right which was violated by Defendants Bermea or Lopez, notwithstanding that Plaintiff does allege a violation by her alleged rapist. Plaintiff does not allege any specific conduct by Defendants Bermea and Lopez and does not specify how their conduct violated Plaintiff's clearly established constitutional rights. The burden is on

---

[126] *Garcia v. Blevins*, No. 19-20494, 2020 WL 2078391, at *3 (5th Cir. Apr. 30, 2020).
[127] *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).
[128] *Rich*, 920 F.3d at 294 (quotations omitted).
[129] *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000) (citing *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999)).
[130] Dkt. No. 14 at 10, ¶ 57.

Plaintiff to overcome Defendants' defense of qualified immunity by showing the violation of clearly established law,[131] and Plaintiff has failed to identify *any* law which may have been violated by Defendants Bermea and Lopez.

Moreover, considering the first prong, Plaintiff fails to state a plausible claim for relief against either individual Defendant, despite their immunity. Plaintiff has not alleged any specific conduct against either individual Defendant, and instead pleads the same allegations against Defendants Bermea and Lopez that she pleads against the City of Peñitas. Plaintiff alleges that Defendants Bermea and Lopez failed to supervise and train jail employees, overlooked misconduct, and failed to investigate Plaintiff's rape.[132] However, Plaintiff fails to argue why these sparse allegations, which match those made against the City, state a plausible claim for relief against Defendants Bermea and Lopez individually for the deprivation of Plaintiff's Fourteenth Amendment due process rights in violation of § 1983. The City of Peñitas does not have any jail employees under the supervision of Defendants Bermea and Lopez because the City does not have its own jail. Moreover, Plaintiff does not specify what misconduct was committed by the employees of the City of Peñitas or how this misconduct was overlooked by Defendants Bermea and Lopez. However, even if Plaintiff did so, allegations of misconduct by other employees would not give rise to liability as to Defendants Bermea and/or Lopez.

Accordingly, the Court finds that Plaintiff's original petition and proposed amended complaint fails to state a plausible claim for relief against Defendants Bermea and Lopez, and Plaintiff fails to overcome Defendants' defense of qualified immunity despite her proposed amendment. Thus, the Court hereby **GRANTS** Defendants' motion to dismiss as to these Defendants.

---

[131] *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).
[132] Dkt. No. 4 at 8.

## V.   HOLDING

In light of the foregoing, the Court hereby **DENIES** Plaintiff's motion to reinstate.[133] The Court hereby **GRANTS** the motion to dismiss[134] and dismisses Plaintiff's claims against all remaining Defendants. Moreover, because the Court has found herein that Plaintiff's proposed amended complaint cannot survive Defendants' motion to dismiss, amendment would be futile. The Court hereby **DENIES** Plaintiff's motion for leave to amend.[135] A final judgment will issue separately pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of September, 2020.

Micaela Alvarez
United States District Judge

---

[133] Dkt. No. 16.
[134] Dkt. No. 2.
[135] Dkt. No. 13.